NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QIN LI,

　　　　　　　Petitioner,

　v.

TODD BLANCHE, Acting Attorney
General,

　　　　　　　Respondent.

No. 25-4297

Agency No.
A240-325-336

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Qin Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing her appeal of an Immigration

Judge's ("IJ") decision denying her application for asylum, withholding of

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").  Where, as here, the BIA incorporates the IJ's findings by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and adds its own reasoning, we review both decisions. *See Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023).  "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025).  "We also review adverse credibility determinations for substantial evidence." *Id.*  "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted).  As the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

"The agency may deny asylum [and] withholding of removal . . . because it deems an applicant's testimony, under the totality of the circumstances, not to be credible, and the lack of credible testimony renders the applicant unable to meet her burden." *Kalulu v. Bondi*, 128 F.4th 1009, 1014 (9th Cir. 2024).  In assessing an adverse credibility finding under the REAL ID Act, such as here, we "look to the 'totality of the circumstances[] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  "Such factors include, but are not limited to, an applicant's 'demeanor, candor, or responsiveness' as well as the consistency between an applicant's statements and

other evidence in the record." *Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, the agency found Li not credible for a number of reasons, including: (1) Li testified that she participated in the religious gatherings on her mother-in-law's property, but her written statement stated only that she lent the property to her friend's Christian group, and she did not adequately explain the omission/inconsistency; (2) Li did not adequately explain how she was able to loan her mother-in-law's property to the Christian group given that she was separated from her husband and not living on the property; (3) Li testified that her mistreatment in Chinese police custody caused persistent hearing problems, but her medical records in the United States indicated that she reported she had no hearing problems, and she did not adequately explain the inconsistency; and (4) Li testified that she had two forced abortions by Chinese authorities, but her written statement discussed only the latter abortion, and Li did not adequately explain the omission/inconsistency. Because these inconsistencies are not "mere trivial error[s]," the record does not compel the conclusion that the agency erred in finding Li not credible. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).[1]

**PETITION FOR REVIEW DENIED**.

---

[1] Li's CAT claim is not before this court because Li does not meaningfully raise it on appeal, and the BIA found that she had waived it.